NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000435
23-FEB-2018
08:00 AM**

NO. CAAP-15-0000435

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAIʻI,
and DL-B, fka DL, nka DP, Petitioners-Appellees,
v.
SB, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(UIFS (FR) NO. 13-1-0013)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Reifurth, JJ.)

This case arises out of a proceeding to enforce a divorce-related support order issued by the District Court of Logan County, Colorado. Respondent-Appellant SB ("Father"), *pro se*, appeals from the May 1, 2015 Order Establishing Child Support Debt and a Repayment Plan ("May 1, 2015 Child Support Order") entered by the Family Court of the Third Circuit ("Family Court"),[1] which determined the arrearages owed by Father and specified a payment plan.

On appeal, Father appears to contend[2] that: (1) the

---

[1] The Honorable Henry T. Nakamoto presided.

[2] Father's opening brief fails to comply with Hawaiʻi Rules of Appellate Procedure Rule 28 in numerous respects including a failure to provide a concise statement of the points of error in separately numbered paragraphs, with each point stating the alleged error committed by the court or agency, where in the record the alleged error occurred, and where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency. Haw. R. App. P. 28(b)(4). Father's points of error appear scattered and stated differently across several sections of his opening brief. However, because it is our practice to afford litigants the opportunity to have their cases heard on the merits, where possible, we have endeavored to summarize and restate Father's

Family Court denied him due process by not allowing him to present a witness at a hearing on March 30, 2015, and by denying him the right to speak for himself at a hearing on October 26, 2015; and (2) the Family Court did not have jurisdiction to establish the child support debt owed by Father.[3/]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Father's contentions as follows and affirm.

(1) In his "Statement of Case" section of the opening brief, Father contends that the Family Court denied him the right to have a witness speak on his behalf at the hearing on March 30, 2015, or to speak on his own behalf at the hearing on October 26, 2015. Father, however, does not provide us with the transcripts of either the March 30 or October 26, 2015 hearings, without which we are unable to determine the merits of his claim. *See State v. Hoang*, 93 Hawai'i 333, 334, 3 P.3d 499, 500 (2000) (citing *Bettencourt v. Bettencourt*, 80 Hawai'i 225, 231, 909 P.2d 553, 559 (1995)) ("Without the . . . transcript, the Intermediate

---

points and address them, to extent that we can, on their merits. *See Marvin v. Pflueger*, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012).

[3/] In the "Statement of Points on Appeal" and the "Statement of Questions Presented" sections of his opening brief, Father appears to raise as additional issues that this court failed to (i) inform him of "proper procedures to pursue [his] case" (by which he appears to mean the process by which to incorporate hearing transcripts into the appellate record) and (ii) provide him with "ample time to retrieve the transcripts that were crucial to [him] to file this very document." Father, however, did not ask this court about the transcript process, but had previous experience with the issues related to obtaining transcripts in support of an appeal. *See State v. Baptista*, CAAP-11-0001084, 2014 WL 114019 (Hawai'i App. Jan. 13, 2014). Further, the court is not authorized to provide litigants with legal advice, the relevant appellate court rule is publicly available, and there are agencies and avenues both inside and outside the Hawai'i Judiciary where Father might have gone to obtain such information. *See Rucker v. Air Ventures Hawaii*, LLC, Civil No. 16-00492 KSC, 2017 WL 2805490, at *2 (D. Haw. June 28, 2017) (rejecting pro se litigant's contention that it is the court's job to counsel and assist the pro se litigant with the prosecution of her case). As to the claim of insufficient time, Father sought and obtained four extensions of time for filing his opening brief, by which he obtained a total of 163 additional days to file his opening brief. Throughout his motions, Father explained that he was in the process of consulting with attorneys and in the process of getting transcripts created. Those observations notwithstanding, issues of this sort related to the appellate process are not properly raised as points of error on appeal in the first instance and are therefore not addressed further.

Court of Appeals did not, and this court does not, have a basis upon which to review the point of error raised in the present appeal."). Because we can not determine the facts or circumstances surrounding Father's first contention, we are unable to further review it.[4] *See State v. Hamilton*, No. CAAP-15-0000870, 2017 WL 1194170, at *2 (Hawaiʻi App. March 31, 2017) (reasoning that "we will not presume error based on a silent record" (quoting *Hoang*, 93 Hawaiʻi at 336, 3 P.3d at 503 (internal quotation marks omitted)) and noting that "we cannot verify these claims of error by [appellant] without the relevant transcripts[.]").

(2) Father appears to contend that the Family Court did not have jurisdiction to enter the May 1, 2015 Child Support Order. In Hawaiʻi, the Uniform Interstate Family Support Act ("UIFSA"), codified in HRS Chapter 576B (1997), governs interstate and foreign child support matters. *See generally* 1997 Haw. Sess. Laws Act 295, at 684-703; *see also Child Support Enf't Agency v. Carlin*, 96 Hawaiʻi 373, 376, 31 P.3d 230, 233 (App. 2001) (citing Haw. Rev. Stat. §§ 576B-305(a) and 576B-307) ("The [U]IFSA authorizes the state responding to an interstate support petition, in this case Hawaiʻi, to commence a support proceeding at the request of the transmitting petitioner in the other state.").

Under the UIFSA, the Hawaiʻi Family Court is the responding tribunal of this state; *see* Haw. Rev. Stat. §§ 576B-102, -203; and therefore is authorized to hear the child support

---

[4] Similarly, Father offers bare allegations in the "Conclusion" section of his opening brief that "Judge Henry T. Nakamoto and Geraldine Hasegawa acting on behalf of the Attorney General reveals that these funds go into state coffers (treasury) with no strings attached[]" and that "Canons 3" forbids judges and State employees from having a financial interest in a case they are involved in, "and said must be disqualified and moot under the same Canons." Because Father does not explain what "these funds" are, because we are not presented with transcripts of any instance where Judge Nakamoto or Ms. Hasegawa revealed anything with regard to the destination of any funds, because Father refers to no laws or cases holding that state employees are barred from participating in cases that might result in revenue to the state general fund, and because Father makes no connection between voluntary and mandatory disqualification, we do not consider the allegations further. *See Kakinami v. Kakinami*, 127 Hawaiʻi 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012) (quoting *In re Guardianship of Carlsmith*, 113 Hawaiʻi 236, 246, 151 P.3d 717, 727 (2007) (noting that appellate courts may "disregard a particular contention if the appellant makes no discernible argument in support of that position")).

case initiated in Colorado and is authorized to determine the amount of any arrearage owed by Father and the method of payment. *See* Haw. Rev. Stat. § 576B-305(b)(4). Because the UIFSA expressly authorizes the Family Court to determine the aforementioned, the Family Court had jurisdiction to establish the child support debt owed by Father and did not abuse its discretion in issuing the May 1, 2015 Child Support Order. Accordingly, the Family Court properly exercised jurisdiction over the case and in issuing the May 1, 2015 Child Support Order.

Therefore, for the reasons expressed above, the May 1, 2015 Child Support Order is affirmed.

DATED: Honolulu, Hawai'i, February 23, 2018.

On the briefs:

SB,
Pro Se Respondent-Appellant.

Geraldine N. Hasegawa and
Ross K. Kawamoto,
Deputy Attorneys General,
for Petitioner-Appellee
Child Support Enforcement
Agency, State of Hawai'i.

Chief Judge

Associate Judge

Associate Judge